UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                      Case No. 13-47498

BILL THOMAS,                                               Chapter 7

                Debtor.                                       Judge Thomas J. Tucker
_____/

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

                Plaintiff,

            v.                                                                      Adv. Pro. No. 13-4630

BILL THOMAS,

                Defendant.
_____/

**OPINION AND ORDER DISMISSING
DEFENDANT'S COUNTERCLAIM**

The Defendant in this adversary proceeding filed a counterclaim against the Plaintiff (Docket # 5 at pdf. pp. 11-13). On July 29, 2013, the Court entered an order entitled "Adversary Proceeding Scheduling Order and Order Requiring Defendant to Show Cause, in Writing, Why the Court Should Not Dismiss Defendant's Counterclaim," which provided, in relevant part:

> (*f) Defendant must show cause, in writing, why the Court should not dismiss Defendant's counterclaim, on the ground that Defendant lacks standing and authority to file and prosecute the counterclaim. Rather, it appears that only the Chapter 7 Trustee currently has such standing and authority. See generally the Court's recent opinion and order in the case of Michigan First Credit Union v. Smith, Adv. No. 12-5492 (copy attached). Defendant must file his written response to this show-cause order no later than August 19, 2013.*

(Docket # 14, the "Scheduling/Show-Cause Order" at 4 (italics in original).)

On August 19, 2013, Defendant filed a brief in response to the Scheduling/Show-Cause

Order (Docket # 18). In the brief, Debtor states, in relevant part, that "while Debtor did state a counterclaim against the Plaintiff-Creditor, the Debtor would request that the Court treat the counterclaim as a defense in the nature of setoff or recoupment or as an objection to claim" and that "Debtor is willing to have stricken those allegations which would be construed as seeking any monetary judgment or recovery by the Debtor." (Debtor's Br. (Docket # 18) at 3.)

The Court concludes that the Defendant's counterclaim must be dismissed for following reasons. The counterclaim arose before Defendant filed his pending Chapter 7 bankruptcy case. As a result, the counterclaim is property of the bankruptcy estate in the Chapter 7 case. This means that unless and until the Chapter 7 Trustee abandons the claim under 11 U.S.C. § 554, only the Chapter 7 Trustee has standing and authority to pursue the claim. *See, e.g., Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012); *In re Stinson*, 221 B.R. 726, 729, 731 & n.3 (Bankr. E.D. Mich. 1998).

To date, Defendant Debtor has not claimed any exemption in the counterclaim,[1] and the Chapter 7 Trustee has not abandoned the claim. Therefore, only the Chapter 7 Trustee may prosecute the claim, and Defendant's continuing prosecution of this claim would violate the automatic stay, under 11 U.S.C. § 362(a)(3). *See Stinson*, 221 B.R. at 730-31. And as matters currently stand, even if the bankruptcy case were closed (which it will not be while this adversary proceeding remains pending,) the counterclaim would not be deemed abandoned by the Chapter 7 Trustee under 11 U.S.C. § 554(c), because Defendant has not listed the claims in his Schedule B filed in his bankruptcy case.[2] *See* 11 U.S.C. §§ 554(c) and (d); *Auday*, 698 F.3d

---

[1] *See* Debtor's Schedule C (Docket # 8 in Case No. 13-47498, at pdf p. 5).

[2] *See* Debtor's Schedule B (Docket # 8 in Case No. 13-47498, at pdf pp. 2-4).

at 905.

The Court notes in response to Defendant Debtor's brief (Docket # 18), that Defendant may amend his answer and/or affirmative defenses as necessary, in order to explicitly assert the allegations that were in the counterclaim as one or more defenses. Under Fed.R.Civ.P. 8(c)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7008, justice does not require the Court to leave the counterclaim pending and treat it as a defense, because the Defendant has ample opportunity to file an amended answer/affirmative defenses to properly label all of his defenses as defenses. Under Section I(c) of the Scheduling/Show-Cause Order, Defendant already has leave to amend his pleadings, until October 15, 2013.

For the reasons stated above,

IT IS ORDERED that Defendant's counterclaim (contained in the pleading filed at Docket # 5) is dismissed.

.

**Signed on September 09, 2013**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

3

13-04630-tjt   Doc 19   Filed 09/09/13   Entered 09/09/13 15:48:35   Page 3 of 3